UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DUMITRU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-0309 RM |
| ) | |
| OPRAH WINFREY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

In 2006, John Dumitru, a prisoner confined in the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Oprah Winfrey, ABC News, Dr. S. L. Prasad, M.D., and Deputy Prosecutors Todd Wallsmith and Kim Hall violated his federally protected rights**.** Mr. Dumitru also filed several "notices" and amended documents clarifying his allegations.. On June 6, 2006, this court screened the complaint pursuant to 28 U.S.C. § 1915A, and dismissed the complaint as lacking merit. The United States Court of Appeals for the Seventh Circuit dismissed Mr. Dumitru's appeal because he didn't pay the appellate filing and docketing fees.

Mr. Dumitru has now filed a motion for reconsideration, asking this court to reopen this case, which this court construes as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60. "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. . . . Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional

circumstances." Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (quotation marks and citations omitted).

Mr. Dumitru brought this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The phrase "acting under color of [state] law" is defined as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." Monroe v. Pape, 365 U.S. 167, 184 (1961) (citations omitted).

Mr. Dumitru alleged in his complaint that in 2000, Oprah Winfrey and the ABC News Station slandered him, and showed a fictitious picture of a man with a pistol who they claimed was Mr. Dumitru. In its screening order, this court concluded that the defendants are not state actors, and are not proper defendants in a § 1983 action. This court also concluded that even if Oprah Winfrey and the ABC News were appropriate defendants, the statute of limitations would bar the claim because the events Mr. Dumitru complained of occurred more than five years before he filed his complaint. Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). Finally, this court concluded that even if Mr. Dumitru could sue Oprah Winfrey

2

and the ABC News in this action, and had filed his complaint within the statute of limitations, defamation states no claim upon which relief can be granted under §1983. Paul v. Davis, 424 U.S. 693 (1976); *see also* Bone v. Lafayette, 919 F.2d 64 (7th Cir. 1990).

In his complaint, Mr. Dumitru also alleged that Dr. S. L. Prasad, M.D., misdiagnosed him and testified falsely at his trial as to his mental state of mind. This court concluded that the Constitution, doesn't guarantee that doctors won't misdiagnose prisoners. *See* Estelle v. Gamble, 429 U.S. 97 (1976), and that § 1983 didn't abrogate the absolute witness immunity existing at common law, Briscoe v. LaHue, 460 U.S. 325 (1983).

Finally, Mr. Dumitru sued Deputy Prosecutors Todd Wallsmith and Kim Hall, alleging that their conduct at his criminal trial amounted to professional malpractice and prosecutorial misconduct. This court concluded that prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 431.

Mr. Dumitru asserts in his motion to reopen this case that he has newly discovered evidence. But the allegedly newly discovered evidence he discusses in his submissions has nothing to do with the issues raised in his complaint in this case, and the defendants named by Mr. Dumitru in this case have no involvement in the "newly discovered" facts. Nothing in Mr. Dumitru's submissions suggest the sort of exceptional circumstances that would justify a reopening of this case under Fed. R. Civ. P. 60(b).

For the foregoing reasons, the court DENIES the plaintiff's request to reopen this case contained in his motion for reconsideration. (DE 25).

SO ORDERED.

ENTERED: March  4 , 2013

<pre>          /s/ Robert L. Miller, Jr.     
Judge
United States District Court</pre>